IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **MARC-OLIVIER HAMON**<br><br>Plaintiff<br><br>vs.<br><br>**LIBERTY MUTUAL INSURANCE COMPANY; LIBERTY SURPLUS INSURANCE CORPORATION; & XYZ INSURANCE COMPANIES**<br><br>Defendants | CIVIL NO:<br><br>Subject: Personal Injury; Diversity; Jury Trial Requested |

**COMPLAINT**

COME NOW the Plaintiff, **Marc-Olivier Hamon**, through her undersigned counsel, and respectfully ALLEGES, STATES, and PRAYS:

**I. NATURE OF THE CASE**

1.      This is an action for damages arising from a motor vehicle collision that occurred on May 4, 2025, in San Juan, Puerto Rico, while Plaintiff was a rear-seat passenger in an Uber-arranged vehicle operated by an Uber driver who was distracted during an active Uber trip, causing the vehicle to veer off Carretera 22 and strike a metal barrier and a light post.

2.      As a direct and proximate result of the collision, Plaintiff has suffered severe physical injuries including lumbar radiculopathy with permanent nerve involvement, new disc pathology, and cervical injury, as well as Post-Traumatic Stress Disorder with moderate-to-severe depression and Driver Phobia,  all in a previously healthy 31-year-old with no prior medical or psychiatric history, resulting in documented loss of earning capacity, extensive medical and psychiatric treatment, and permanent impairment of daily life and professional function.

1

## II. JURISDICTION

3. The diversity jurisdiction of this Court is invoked under the provisions of Title 28 of the United States Code, Section 1332 (a) (1), and Article III of the Constitution of the United States, inasmuch as this is a civil action that involves an amount in controversy in excess of seventy-five thousand dollars, exclusive of interest and costs, and every issue of law and fact alleged herein is wholly between citizen of different states.

## III. THE PARTIES

4. Plaintiff Marc-Olivier Hamon (hereinafter "**Marc**") is of legal age, a citizen and resident of Canada. Marc was at all relevant times a fare-paying passenger who had requested and paid for transportation through the Uber mobile application platform.

5. Defendant Liberty Mutual Insurance Company (hereinafter "**Liberty Mutual**") is a corporation incorporated under the laws of the Commonwealth of Massachusetts with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116, duly licensed by the Commissioner of Insurance of Puerto Rico to transact insurance business on the Island.

6. Defendant Liberty Surplus Insurance Corporation (hereinafter "**Liberty Surplus**") is a surplus lines insurer incorporated under the laws of the State of New Hampshire with its principal place of business in Boston, Massachusetts, authorized to write surplus lines insurance in Puerto Rico.

7. Upon information and belief, one or both of Liberty Mutual and Liberty Surplus (hereinafter collectively "**Liberty**") had issued and maintained in full force and effect at the time of the accident one or more policies of liability insurance (the "**Policy**") covering Uber Puerto Rico, LLC, and/or Rasier, LLC, and/or the driver of the Subject Vehicle, as named insureds and/or

2

additional insureds, against liability for bodily injury and damages to third parties — including fare-paying passengers — arising from the operation of vehicles on the Uber platform in Puerto Rico. Both Liberty entities are named herein in the alternative pursuant to Fed. R. Civ. P. 8(d)(2) pending production of the complete Policy by Liberty, which has been demanded since October 2025 and has not been produced.

8.      Defendants XYZ Insurance Companies are unknown insurance companies that may have issued additional policies to Uber and/or the driver covering the claims herein and are sued pursuant to 26 L.P.R.A. §§ 2001 and 2003.

### IV. THE INSURED ENTITIES — UBER'S CORPORATE STRUCTURE

9.      Uber Technologies, Inc. ("**UTI**") is a Delaware corporation with its principal place of business at 1515 3rd Street, San Francisco, California 94158. UTI owns and operates the Uber mobile application platform through which riders request transportation services and drivers provide them.

10.      Uber Puerto Rico, LLC ("**Uber PR**") is a limited liability company organized under the laws of Puerto Rico whose sole member is UTI. Uber PR is the entity through which UTI operates, markets, and administers Uber's ride-sharing services in Puerto Rico, including contracting with local drivers and coordinating trips requested through the Uber app in Puerto Rico.

11.      Rasier, LLC is a Delaware limited liability company whose sole member is UTI. Rasier is the entity through which Uber hires, pays, and maintains contractual relationships with its drivers, including the driver of the Subject Vehicle.

12. At all times relevant hereto, UTI, Uber PR, and Rasier operated collectively as "Uber" in Puerto Rico, providing ride-sharing transportation services to the public including Plaintiff Marc. The driver of the Subject Vehicle operated under the authorization of and in furtherance of the services provided by these entities collectively, using the Uber platform during an active passenger trip.

## V. FACTUAL ALLEGATIONS

13. On May 4, 2025, at approximately 11:20 a.m., Plaintiff Marc-Olivier Hamon was a restrained rear-seat passenger in a Kia Sportage, license plate KIX-176, year 2024, VIN 5XYK43DF1RG161865 (the "**Subject Vehicle**"), registered to Christopher Otero Adorno, traveling on Carretera 22, Km. 1.4, in the jurisdiction of San Juan, Puerto Rico.

14. The Subject Vehicle was being operated as an active Uber ride-sharing vehicle. Plaintiff Marc had requested and paid for the ride through the Uber mobile application platform and was a fare-paying passenger aboard the Subject Vehicle at the time of the accident. The trip was active, passenger aboard, destination not yet reached, trip not yet completed, at the moment of impact.

15. According to Puerto Rico Police Department Accident Report No. 2025:1-399:000465, the operator of the Subject Vehicle, while traveling northbound on Carretera 22 at Km. 1.4, was distracted while delivering a charging cable to a passenger via the Uber platform and, through such inattention and negligence, caused the Subject Vehicle to veer off the road to the left, striking a metal barrier and a light post with the front and entire left lateral side of the vehicle, knocking the post down.

16.     The accident occurred on dry asphalt during daytime hours with clear visibility. Climate conditions: clear. Road condition: dry asphalt. No weather condition, road defect, mechanical failure, or external factor contributed to the collision. The crash was caused solely and exclusively by the operator's distracted driving.

17.     The impact was of high energy: the airbags of the Subject Vehicle deployed fully, confirming the severity of the mechanical forces to which Marc was subjected as a rear-seat passenger.

18.     The day following the accident, Plaintiff presented to a private clinic in Puerto Rico where he was evaluated by Dr. Vicky I. Morales Rodríguez, M.D. (NPI 1598194854 / Lic. 018623). Plaintiff reported lower back pain with radiation to the right leg and cervical pain. The physician diagnosed: (1) Lumbar radiculopathy (M54.16), likely secondary to MVA; and (2) Cervicalgia (M54.2). The physician ordered lumbar and cervical spine X-rays, prescribed a Medrol Dosepak 4mg and orphenadrine citrate 100 mg ER (muscle relaxant), and recommended physical therapy if pain persisted.

19.     Plaintiff began treatment at the Canadian Spine Institute (CSI), 4920 De Maisonneuve O., Westmount, QC H3Z 1N1, consisting in manual therapies sessions and spinal hygiene sessions.  with athletic therapist Josh Baruch, B.Sc., CAT(C) (License #2-6888; n.d. #11436-A-23).

20.     Plaintiff underwent a lumbar MRI (DX M54.5 — Low back pain) at Condado MRI, 1450 Ave. Ashford, San Juan. Findings documented by Dr. J.E. Rosado on August 11, 2025 included: (1) post-surgical changes at L5-S1 with scar tissue tethering the right S1 nerve root; (2) hypertrophic facets with narrowed neural foramen on the right; (3) new L4-L5 disc desiccation

with mild bulge not present in pre-surgical imaging, possibly symptomatically aggravated by the MVA; and (4) no high-grade canal stenosis.

21.    On August 11, 2025, Marc had a Neurosurgical Consultation, with Dr. J.E. Rosado, M.D., F.A.A.N.S. The clinical findings included: (a) Neurological exam: difficulty with right toe-walking due to weakness and numbness; mild weakness in right plantar flexion; decreased light touch over right lateral foot and toes in S1 distribution; positive right Straight Leg Raise at 30–40° with reproduction of radicular pain to toes; negative on the left. (b) Assessment: Right S1 radiculopathy secondary to post-operative foraminal narrowing, aggravated by the MVA, with post-surgical scar tethering of the right S1 nerve root; L4-L5 disc desiccation with mild bulge possibly symptomatically aggravated; lumbar facet hypertrophy with dynamic narrowing; significant functional limitations in prolonged sitting, driving, and sleeping. (c) Plan: Cervical spine MRI with and without contrast ordered (STAT); activity modification; pain/activity diary; possible referral to pain management for targeted injections if conservative measures fail; NSAIDs contraindicated due to gastric reflux history.

22.    On September 23, 2025, Plaintiff underwent a 90-minute initial online mental health intake in RISE Anxiety & Depression Clinic with Tim Kahtava, Registered Psychotherapist (005895).

23.    On October 23, 2025, Plaintiff underwent a virtual psychiatric evaluation conducted by Dr. Joan Tucker. Diagnoses established: (1) Post-Traumatic Stress Disorder with Depression, Moderate to Severe; and (2) Driver Phobia, Passenger Subtype. Mental status exam documented restricted affect, tearfulness, depressed mood, nightmares, reliving, flashbacks, avoidance of leaving home inability to be a vehicle passenger, sleep disturbance, anhedonia,

6

reduced libido, and impaired concentration. No prior psychiatric history. Treatment initiated: Duloxetine 30 mg daily (for pain, anxiety, and low mood); Trazodone 25–50 mg h.s. (for sleep). Referral made for cognitive behavioral therapy (CBT) and exposure therapy.

24. Work letter provided restricting Plaintiff to part-time remote work, maximum 24 hours/week.

25. As confirmed by Plaintiff's employer verification letter dated July 19, 2025, and by Dr. Tucker's work letter dated October 23, 2025, Plaintiff has suffered the following occupational impairments directly caused by the accident:

(a) Severe, recurring back pain and reduced tolerance for prolonged sitting and standing, causing unpredictable inability to work on certain mornings;

(b) Inability to use public transportation or ride-sharing services due to PTSD and back pain, preventing all on-site project visits;

(c) Full-time work impossible; restricted to a maximum of 24 hours/week of remote work;

(d) Loss of earning capacity continuing to the present and beyond.

## VI. CAUSES OF ACTION

**COUNT I - Direct Action Against Liberty Mutual Insurance Company 26 L.P.R.A. §§ 2001 and 2003**

26. Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

27. Puerto Rico's direct action statute, 26 L.P.R.A. § 2001 (Article 20.010 of the Puerto Rico Insurance Code), provides that any insurer issuing a policy insuring any person against loss

or damage through legal liability for bodily injury and damages to a third party shall become directly liable to the injured third party whenever a covered loss under the policy occurs, without requiring a prior judgment against the insured.

28. 26 L.P.R.A. § 2003 (Article 20.030) further grants the injured third party a direct cause of action against the insurer without prejudice to any action the injured person may file against the insured.

29. Upon information and belief, Liberty Mutual had issued and maintained in full force and effect at the time of the accident of May 4, 2025, one or more policies of liability insurance covering Uber Puerto Rico, LLC, Uber Technologies, Inc., and/or Rasier, LLC, and/or the driver of the Subject Vehicle, as named insureds and/or additional insureds, providing coverage for bodily injury and damages to third parties, including fare-paying passengers, arising from the operation of vehicles on the Uber platform in Puerto Rico.

30. The accident of May 4, 2025, constitutes a covered loss under Liberty Mutual's policy. The Subject Vehicle was operating as an active Uber ride-sharing vehicle during Period 3 of coverage (passenger aboard, trip in progress, not yet completed) triggering Liberty Mutual's full commercial liability coverage obligations.

31. The negligence of the Uber driver — who diverted his attention from the road to deliver a charging cable to a passenger, causing the Subject Vehicle to veer off the road and strike a barrier and light post — constitutes a covered act of negligence under Liberty Mutual's policy that directly and proximately caused the severe physical and psychiatric injuries suffered by Plaintiff Marc as documented herein.

32.    Liberty Mutual is therefore directly, jointly, and severally liable to Plaintiff Marc for all damages arising from the covered loss pursuant to 26 L.P.R.A. §§ 2001 and 2003.

**COUNT II - Direct Action Against XYZ Insurance Companies 26 L.P.R.A. §§ 2001 and 2003**

33.    Plaintiff incorporates by reference all preceding paragraphs as if fully set forth herein.

34.    Upon information and belief, XYZ Insurance Companies issued additional policies to Uber and/or the driver providing coverage for the claims herein. Under 26 L.P.R.A. §§ 2001 and 2003, such insurers are directly, jointly, and severally liable to Plaintiff for all damages caused by the covered loss.

## VII. DAMAGES

35.    As a direct and proximate result of Defendants' actions and omissions, Plaintiff has suffered and continues to suffer:

a.    Past medical expenses (documented to date): $650.00 (MRI, Condado MRI); $350.00 (neurosurgical consultation, Dr. Rosado); $285.00 (psychiatric intake, RISE Clinic); psychiatric assessment fee (Dr. Tucker, October 23, 2025); multiple Canadian Spine Institute sessions totaling approximately CAD $1,466.16, all documented by receipts and invoices.

b.    Future medical expenses: ongoing neurosurgical treatment, cervical MRI, possible pain management injections, ongoing psychiatric treatment, CBT and exposure therapy (referred by Dr. Tucker), and continuing spinal care, estimated in amounts to be proven at trial.

c.    Lost wages and loss of earning capacity: reduction from full-time to 24 hours/week remote work from July 2025 thru present; potential permanent partial impairment of earning capacity depending on final medical outcome, amounts to be proven at trial.

9

d.    Physical pain and suffering: severe lumbar radiculopathy with right S1 nerve involvement, right leg radiation to the toes, difficulty walking, inability to sit or drive for extended periods, disrupted sleep requiring positional changes, and new L4-L5 disc desiccation.

e.    Psychiatric damages: PTSD with moderate-to-severe depression and Driver Phobia (passenger subtype) a previously healthy 31-year-old with no prior psychiatric history, now requiring pharmacological treatment (Duloxetine, Trazodone), CBT, and exposure therapy.

f.    Loss of enjoyment of life: inability to engage in outdoor sports and recreational activities previously enjoyed; restricted to remote work; unable to use public transportation or ride-sharing; impact on intimate relationship due to reduced libido.

g.    Among other damages to be proven at trial.

**WHEREFORE**, Plaintiff respectfully requests that this Honorable Court:

a. For compensatory damages in an amount to be determined at trial but not less than $500,000.00.

b. For pre-judgment and post-judgment interest.

c. For costs and attorney fees incurred herein pursuant to applicable law.

d. For such other and further relief as the Court deems just and proper.

### VIII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

**RESPECTFULLY SUBMITTED** on this 4 day of May 2026.

**I HEREBY CERTIFY** that, on this same date, a copy of the foregoing was filed electronically with the Clerk of the Court using the CM/ECF system.

**s/ Rafael O. Baella-Ors**
U.S.D.C. P.R. #219504

10

Attorney for the plaintiff
*Castañer & Baella L.L.C.*
Capital Center Building I
PH-1 Suite 1201
239 Ave. Arterial Hostos
San Juan, PR 00918
Tel. (787) 400-8234
Fax: (787) 680-0172
rbaella@castanerlaw.com

11